# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| vs. | ) CRIMINAL ACTION 10-00273-KD |
| TIMOTHY WAYNE SEABURY, | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the United States' motion to determine conflict of interest as to defendant Timothy Wayne Seabury (doc. 57) and Seabury's response (doc. 62). A hearing was held on February 8, 2011. Present for the hearing were defendant Seabury; his counsel Federal Defender Carlos Williams and Assistant Federal Defender Latisha Colvin; stand-by counsel Neil Hanley, a member of the Criminal Justice Act Panel of Attorneys; and Assistant United States Attorney Gloria Bedwell.

At the hearing, after consideration of the motion, response, and the information presented at oral argument, and for reasons more specifically stated on the record, the Court determines that there is an actual conflict of interest in the continued representation of defendant Seabury by the Office of the Federal Defender. Specifically, representation by the Federal Defender is in conflict with the Federal Defender's representation of defendant Shedrick Rogers whom the United States expects to call to testify as a witness against Seabury. The conflict is twofold: 1) the Federal Defender is unable to effectively cross-examine Rogers, and 2) because Rogers will potentially benefit at sentencing because of his testimony against Seabury, any effort to exclude Rogers' testimony (because it concerns other bad conduct) would be detrimental to Rogers' effort to receive a 5K .

After the Court announced its decision that an actual conflict of interest exists, and after consultation and advice by stand-by counsel, Seabury stated that he wanted to waive the actual conflict of interest and have the Federal Defender continue to represent him. The Court recognizes "the Sixth Amendment presumption in favor of counsel of choice". Wheat v United States, 486 US 153, 160 (1988). However, "where a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver[.]" Id. at 162. Upon consideration, the Court declines to accept Seabury's proffer. Specifically, the Court finds that the conflict is too extensive to assume that Seabury could receive effective assistance of counsel. Thus, his present counsel are disqualified from further representation.

Accordingly, because Seabury has previously submitted a financial affidavit establishing that he is unable to employ counsel (doc. 13) and because the interests of justice so require, it is **ORDERED** that Neil Hanley, a member of the Criminal Justice Act Panel of Attorneys, is hereby appointed to represent Seabury.

Therefore, the trial of this action is continued to the March 2011 criminal trial term[1] and the Clerk of the Court is directed to refer this action to the appropriate Magistrate Judge to schedule a pretrial conference.

**DONE** and **ORDERED** this February 8, 2011.

                                             s/ Kristi K. DuBose
                                            **KRISTI K. DuBOSE**
                                            **UNITED STATES DISTRICT JUDGE**

---

[1] This action having been continued to the March trial term, the pending motion to sever as to Seabury (doc. 60) is now **MOOT**.