## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| vs. | * | **CRIMINAL NO.: 10-0273-KD** |
| | * | |
| **TIMOTHY WAYNE SEABURY** | * | |
| | * | |
| **Defendant.** | * | |

## ORDER

This matter is before the court on consideration of Defendant's motion to continue the trial into the May 2011 criminal term that was presented orally in open court on March 15, 2011.[1] Although AUSA Gloria Bedwell was not present during the conference, the Court was informed that she would announce ready for trial and object to any request for a continuance.

Upon consideration of the grounds presented and the Court's record, the Court finds that neither the defendant nor the United States will be unduly prejudiced by a continuance of this trial into the May 2011 criminal term; therefore, the defendant's motion is **GRANTED** and the trial is **CONTINUED** for one month with jury selection rescheduled for **May 2, 2011**.

The Court further finds, pursuant to 18 U.S.C.§ 3161(h)(7)(A), that "the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial." There are three primary reasons for this decision.

First, the defendant's request for a say in the representation of appointed counsel is unresolved. Until February 8, 2011 Mr. Seabury was represented by Federal Public Defender

---

[1] Defendant's attorney, Mr. Hanley, followed his oral motion with a written motion after completion of the pretrial conference. (Doc. 83).

Carlos Williams and Assistant Public Defender Latisha Colvin, who were appointed on December 17, 2010 (Doc. 20). Over Defendant's proposed waiver of the identified conflict, it was determined that Mr. Williams and Ms. Colvin were disqualified from further representation because of the existence of an actual conflict of interest. Neil Hanley, Esquire, was then appointed as substitute counsel. (Doc. 66) ("At the hearing, after consideration of the motion, response, and the information presented at oral argument, and for reasons more specifically stated on the record, the Court determines that there is an actual conflict of interest in the continued representation of defendant Seabury by the Office of the Federal Defender.") Following this Order of February 8, 2011, Federal Public Defender Carlos Williams filed a motion on February 28, 2011, asking Judge DuBose to reconsider her decision to disqualify counsel. (Doc. 78) Judge DuBose has required a reply to this motion from the United States which is expected not later than March 17, 2011 (Docs. 81, 82 & 84). The undersigned was also informed by Mr. Hanley that his client ardently desired to be represented by the Federal Public Defender, if possible. Furthermore, Mr. Hanley has expressed his opinion, orally and in writing, that the motion for reconsideration is well-taken. (Doc. 83, p. 2) ("It is respectfully submitted the Motion To Reconsider presents real and substantial grounds and may well be granted.") Thus, until the motion for reconsideration is resolved, it is unclear if Mr. Hanley will remain as trial counsel.

Secondly, after appointment, Mr. Hanley did not have an opportunity to recover information in the possession of Mr. Williams and Ms. Colvin until February 15, 2011 and his ability to communicate with his client is hampered by logistics - Mr. Seabury is detained in a

facility 90 miles North of Mobile. In Mr. Hanley's opinion, he needs more preparation time if he is to continue as trial counsel in this serious drug-related action.[2]

Finally, the undersigned has been informed by Mr. Hanley that his ability to prepare for this trial has been compromised by serious scheduling conflicts in this Court and the Circuit Court of Mobile, County, Alabama. He represents the defendant in *United States v. Hyland*, 10-297-KD, scheduled for trial on March 28, 2011 and expected to last for two days. In addition to this specific conflict, he has an "unusually large trial schedule in state court in April." (*id.*)

Counsel's valid reasons for an extension of the pretrial preparation period in order to consider a reasonable settlement of the charges or to otherwise prepare for trial outweigh any unspecified objection to a continuance by the United States. See 18 U.S.C. § 3161(h)(7)(B)(ii & iv). Therefore, for the purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge…if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.")

Defendant shall file a waiver of his Speedy Trial rights not later than **March 25, 2011**. The Clerk of the Court is directed to refer this matter to the appropriate Magistrate Judge for scheduling a new pretrial conference.

DONE AND ORDERED this 16th day of March, 2011.

    s/WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**

---

[2] Preliminary calculations indicate that the Defendant, if convicted, faces a sentence of life without the possibility of parole.