# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | **CRIMINAL ACTION 10-00273-KD** |
| ) | |
| **TIMOTHY WAYNE SEABURY,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This action is before the Court on the defendant Timothy Wayne Seabury's unopposed motion to continue trial (doc. 94). As grounds, Seabury states that the United States has filed a second superseding indictment which adds three additional counts against him. Seabury states that because the second superseding indictment "charges new and separate crimes occurring over a two and a half year period" additional time is necessary to adequately prepare a defense. The United States does not oppose a continuance of this action.

Upon consideration of the motion and the grounds stated therein, the Court finds that pursuant to 18 U.S.C. § 3161(h)(7)(A), "the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial." Specifically, the Court finds that Seabury's request for additional time to adequately prepare to defend the action and the three new counts in the second superseding indictment is reasonable under the circumstances. *See* 18 U.S.C. § 3161(h)(7)(B)(iv) (stating that the court may consider whether the failure to grant a continuance would deny defense counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.").

For purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting

from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.").

However, this continuance is contingent upon defendant Seabury filing a written waiver of his right to a speedy trial signed by Seabury on or before Friday, April 29, 2011. Accordingly, provided that Seabury files his waiver of speedy trial, the motion to continue trial (doc. 94) is **GRANTED** and this case is continued to the **June 2011** criminal trial term with jury selection to be held on **Tuesday, May 31, 2011.**

The Clerk of the Court is directed to refer this matter to the appropriate Magistrate Judge to reschedule a pretrial conference.

**DONE** and **ORDERED** this 29th day of April, 2011.

        s / Kristi K. DuBose
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**