# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 10-0273-WS |
| ) | |
| TIMOTHY WAYNE SEABURY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on defendant's Motion in Limine in Response to Government's Rule 404(b) Notice (doc. 53). The Motion has been briefed and is ripe for disposition.

## I. Relevant Background.

Pursuant to a Superseding Indictment (doc. 92), defendant, Timothy Wayne Seabury, is charged with five controlled substance offenses, to-wit: (i) conspiring to possess with intent to distribute crack cocaine in July 2007, in violation of 21 U.S.C. § 846; (ii) possessing with intent to distribute crack cocaine on or about July 27, 2007, in violation of 21 U.S.C. § 841(a)(1); (iii) conspiring to manufacture methamphetamine between late 2007 and early 2010, in violation of § 846; (iv) conspiring to possess with intent to distribute methamphetamine between late 2007 and May 2010, in violation of § 846; and (v) attempting to manufacture methamphetamine on or about January 11, 2010, in violation of § 846.

The Government has filed a Notice of Intention to Offer Rule 404(b) Evidence (doc. 45). The specific category of evidence at issue relates to Seabury's prior drug convictions in Mobile County Circuit Court.[1] According to the Notice, there were three such convictions in all,

---

[1] The Government has filed three Rule 404(b) notices in all (docs. 45, 56, and 91); however, defendant's Motion objects solely to the convictions described in the first such notice. Because Seabury has not objected to the 404(b) evidence set forth in the other two notices (*i.e.*, information obtained from Rodney Eugene Vozar and Shedrick Rogers in February 2011, and evidence that Seabury was arrested in June 2002 when methamphetamine and items believed to have been used in the methamphetamine manufacturing process were found in his vehicle), the Court does not consider the propriety of that evidence.

including a conviction for possession of a controlled substance in July 2003 and two convictions for possession/receipt of a controlled substance in July 2006. Seabury now moves for exclusion of evidence of these convictions.

## II.     Analysis.

As a general matter, Rule 404(b) of the Federal Rules of Evidence "prohibits evidence of offenses or illegal acts extrinsic to a defendant's indictment to show the defendant's bad character." *United States v. Costa*, 691 F.2d 1358, 1361 (11th Cir. 1982); *see also United States v. Covington*, 565 F.3d 1336, 1341 (11th Cir. 2009) ("Rule 404(b) prohibits the introduction of pure propensity evidence."). That said, such "prior bad acts" evidence is admissible if the following criteria are satisfied:

> "First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403."

*United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005) (citations omitted).

Seabury challenges the admissibility of his prior drug convictions as to the first and third elements of this test.[2] With respect to the first prong, Seabury argues that his "personal use methamphetamine possession convictions are not relevant to whether he intended to conspire to possess with intent to distribute … almost one-half of a kilogram of crack cocaine" as he has been charged in this case. (Doc. 53, at 4.)

In response, the Government correctly explains that Seabury's past drug convictions are relevant to show intent. The Eleventh Circuit has repeatedly held that prior bad acts evidence may be relevant as to intent where the defendant pleads not guilty. Indeed, "[w]hen a defendant charged with conspiracy enters a plea of not guilty, as in this case, he makes intent a material issue in the case." *United States v. Perez*, 443 F.3d 772, 779 (11th Cir. 2006). "Extrinsic evidence of bad acts is admissible to establish intent" in a conspiracy case unless the defendant

---

[2] Seabury concedes that the second prong "arguably is satisfied with certified copies of Seabury's aforementioned prior convictions." (Doc. 53, at 3.) There is nothing "arguable" about it. Such certified copies are obviously sufficient to satisfy that element. *See, e.g., United States v. Lamons*, 532 F.3d 1251, 1266 (11th Cir. 2008) ("[i]t is elementary that a conviction is sufficient proof that [the defendant] committed the prior act") (citations omitted).

affirmatively removes intent as an issue. *United States v. Costa*, 947 F.2d 919, 925 (11th Cir. 1991); *see also United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007) (where defendant pleads not guilty, the Government bears a substantial burden to prove intent, and may do so via "qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue") (citation omitted). Intent is unquestionably a material issue in Seabury's case.

Moreover, as the Eleventh Circuit has pointed out, "circuit precedent regards virtually any prior drug offense as probative of the intent to engage in a drug conspiracy." *Matthews*, 431 F.3d at 1311; *see also United States v. Cardenas*, 895 F.2d 1338, 1344 (11th Cir. 1990) ("Evidence of prior drug dealings is highly probative of intent to distribute a controlled substance, as well as involvement in a conspiracy.") (citation and internal quotation marks omitted). Consistent with this premise, the appeals court has routinely deemed prior convictions similar to Seabury's to be probative of intent to participate in a charged conspiracy to distribute controlled substances, and therefore to satisfy the first prong of the Rule 404(b) test. *See United States v. Butler*, 102 F.3d 1191, 1196 (11th Cir. 1997) ("we conclude that the logical extension of our current jurisprudence is to admit evidence of prior personal drug use to prove intent in a subsequent prosecution for distribution of narcotics").[3] The Court agrees, and finds that

---

[3] *See also United States v. Delgado*, 56 F.3d 1357, 1366 (11th Cir. 1995) (finding that extrinsic offense involving small drug purchase from undercover officer was "very similar to the charged offenses in their overall purpose" where defendant was charged with major drug importation conspiracy, inasmuch as both sets of offenses involved "trafficking in cocaine") (citation omitted); *United States v. Sawyer*, 2010 WL 144034, *3 (11th Cir. Jan. 15, 2010) (opining that defendant's prior convictions, including one for simple possession of cocaine, were relevant to his intent to commit charged offense of conspiracy to possess with intent to distribute cocaine); *United States v. Gordon*, 2009 WL 2461710, *2 (11th Cir. Aug. 13, 2009) (deeming defendant's prior conviction for possession of cocaine to be "clearly relevant to the question of whether Gordon intended to participate in the drug offense" which he was charged with conspiring to commit); *United States v. Aguirre-Orozco*, 2009 WL 2444839, *12 (11th Cir. Aug. 11, 2009) (finding no error where district court admitted 404(b) evidence of defendant's prior convictions for possession of an unspecified controlled substance, reasoning that defendant's "prior convictions for controlled-substance offenses were relevant to show Aguirre-Orozco's intent with respect to the instant drug-conspiracy charges, as both offenses involved drugs"); *United States v. Burton*, 2009 WL 1942103, *4 (11th Cir. July 8, 2009) (under first prong of Rule 404(b) test, defendant's "prior convictions for possession of cocaine … were relevant to show Burton's intent, knowledge, or lack of accident or mistake with respect to the instant drug-conspiracy and drug- …possession charges"); *United States v. Doe*, 2007 WL 387567, *5 (11th Cir. Feb. 6, 2007) (defendant's "prior possession convictions were relevant to the issue of intent"
(Continued)

Seabury's prior drug convictions for possession of methamphetamine are plainly relevant to his intent to conspire to possess with intent to distribute cocaine and methamphetamine, as charged in this proceeding. Because Seabury's prior convictions are relevant to an issue other than his character, the first prong of the Rule 404(b) test is satisfied.

With respect to the third prong, for relevant evidence of prior bad acts to be admissible under Rule 404(b), "the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403." *Edouard*, 485 F.3d at 1344 (citation omitted). In lodging an objection under this prong, defendant balks that the circumstances of the prior convictions and the current charges are dissimilar and that temporal proximity is lacking. He also maintains that the probative value of the prior conviction evidence is substantially outweighed by its undue prejudice because he faces a mandatory life sentence if he is convicted here, and the Government "is able to put forth its theory of the case without Seabury's prior personal use methamphetamine convictions." (Doc. 53, at 6.)

It is well established in this Circuit that the determination of whether to exclude 404(b) evidence under the third prong "calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003) (citation omitted). In that regard, defendant is correct that the probative value of his prior convictions for simple possession of a controlled substance is limited, based on the less-than-perfect equivalence between those prior convictions and the charged offenses, as well as the fact that the prior bad acts occurred in 2002 and 2005, whereas the charged offenses are alleged to have occurred between 2007 and 2010. *See, e.g.,*

---

as to charges of conspiracy to manufacture and distribute crack cocaine); *United States v. McCorvey*, 2007 WL 177692, *3 (11th Cir. Jan. 25, 2007) ("the fact that the prior conviction involved possession of a controlled substance and that the instant offense involved possession with intent to distribute does not render the prior conviction inadmissible"); *United States v. De La Fe*, 2007 WL 117695, *2 (11th Cir. Jan. 18, 2007) (finding that first prong of Rule 404(b) test was satisfied where defendant charged with conspiracy to distribute cocaine had previously been arrested for possession of cocaine, inasmuch as the prior arrest was relevant to intent). Based on this extensive compilation of Eleventh Circuit authority, the Court cannot concur with defendant's view that "Seabury's prior convictions are neither relevant nor probative of his intent in this case." (Doc. 53, at 6.)

*Matthews*, 431 F.3d at 1311 ("temporal remoteness is an important factor to be considered as it depreciates the probity of the extrinsic offense") (quotation marks omitted); *United States v. Doe*, 2007 WL 387567, *5 (11th Cir. Feb. 6, 2007) ("the fact that the prior convictions were for simple possession of cocaine while the conspiracy involved a conspiracy to manufacture and distribute cocaine base lessens the probative value of the prior convictions").

Nonetheless, the unassailable fact remains that Seabury's possession of methamphetamine in 2002 and 2005 is probative of his intent to conspire to manufacture or possess with intent to distribute methamphetamine between 2007 and 2010. Seabury placed his intent squarely at issue by entering a plea of not guilty in this case. There is sufficient similarity between the prior convictions and the charged offenses to retain this probative value. *See generally United States v. Lamons*, 532 F.3d 1251, 1267 n.27 (11th Cir. 2008) ("perfect equivalence between the physical elements of the extrinsic and charged offenses is not required; rather, we assess their overall similarity"). And the extrinsic offenses are not so far divorced in time from the charged offenses as to substantially dilute their probative value. *See, e.g., Edouard*, 485 F.3d at 1346 (citing case law for proposition that a 5-, 6- or 15-year span does not render extrinsic acts too remote for proper consideration). Finally, any unfair prejudice possibly visited on Seabury by the admission of evidence of his prior drug convictions will be considerably mitigated by use of appropriate limiting instructions, which this Court will read to the jury. *See Lamons*, 532 F.3d at 1267 ("Any prejudicial value was further reduced by the limiting instruction given by the district court during the jury charge."); *Edouard*, 485 F.3d at 1346 (similar). For these reasons, the Court concludes that the probative value of the evidence in question is not substantially outweighed by the risk of undue prejudice.

### III. Conclusion

Because Seabury's prior convictions are relevant to an issue other than his character and their probative value is not substantially outweighed by unfair prejudice, they are properly admissible as Rule 404(b) evidence in this case. Defendant's Motion in Limine (doc. 53) to exclude such evidence is **denied**.

DONE and ORDERED this 3rd day of June, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE