# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY WAYNE SEABURY, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | Civil Action No. 14-00232-WS |
| v. ) | |
| ) | Criminal No. 10-00273-WS-N |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Pending before this Court is Timothy Wayne Seabury's Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 171. Also before this court is the United States' Response in Opposition. Doc. 175. This action has been referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. For the reasons explained herein, it is **RECOMMENDED** that Petitioner's Petition to Vacate be **DENIED** and that the Court find he is not entitled to a certificate of appealability and therefore is not entitled to appeal *in forma pauperis*.

## I. Underlying Criminal Case

A two-count indictment was returned against Petitioner in November 2010. The indictment contained one count of possession of crack cocaine with intent to distribute in violation of 18 U.S.C. 846 (Count 1); and one count of possession of

crack cocaine with intent to distribute in violation of 18 U.S.C. 841(a)(1) (Count 2). Doc. 1. The district court appointed Asst. Federal Defender Latisha Colvin to represent Petitioner. (Doc. 20) Due to severance from the trial of a co-defendant (Doc. 60), Petitioner was appointed new counsel, Neil Hanley, to avoid a conflict of interest. Doc. 66. The indictment against Petitioner was superseded twice, resulting in the addition of three counts of conspiracy to possess methamphetamine with intent to distribute in violation of 18 U.S.C. 846 (Counts 3-5). Docs. 39, 92.

Petitioner's case went to a jury trial, where he was found guilty of Counts 1, 3, 4, and 5, and acquitted on Count 2. Doc. 108. He was sentenced to incarceration for life terms for Counts 1 and 4 and to incarceration for 30-year terms for Counts 3 and 5, all terms to run concurrently. Doc. 143. Petitioner appealed to the Eleventh Circuit, which affirmed his sentence. Doc. 159; *see also United States v. Seabury*, 507 Fed. Appx. 836 (11th Cir. 2013) (per curiam). A petition for writ of certiorari to the Supreme Court was denied. Doc. 163; *see also Seabury v. U.S.*, 133 S. Ct. 2813 (2013).

## II. Collateral Attack

Through his § 2255 petition, Petitioner alleges two grounds for vacating, setting aside, or correcting his sentence. The first alleges ineffective assistance of counsel at trial, stating that "Counsel had an opportunity to argue that Billy Nelsons testimony was admissible under Rule 807, but did not and prevented from presenting my defense." [*sic*] The second alleges ineffective assistance of counsel on appeal to the Eleventh Circuit, stating that "He appealed thing that had done been

2

appealed and denied by the court. Where the court took my original defense I had done lost that appeal." [*sic*]

### A. Ineffectiveness Standard

To establish his claims of ineffective assistance of counsel, Petitioner is required to show **both** that his counsel's conduct fell below "an objective standard of reasonableness"—the "performance prong"—**and** that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different—the "prejudice prong." *See generally Strickland v. Washington*, 466 U.S. 668 (1984). He "bears the burden of proof" as to both prongs— "both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001), *cert. denied sub nom. Johnson v. Nagle*, 535 U.S. 926 (2002); *accord Cooper v. Secretary, Dep't of Corr.*, 646 F.3d 1328, 1351 (11th Cir. 2011).

To succeed on the performance prong, Petitioner "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "When analyzing ineffective-assistance claims, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (citations omitted); *accord Michael v. Crosby*, 430 F.3d 1310, 1320 (11th Cir. 2005). That "presumption of reasonableness is even stronger when we are reviewing the performance of an experienced trial counsel." *Callahan v. Campbell*, 427 F.3d 897, 933 (11th Cir.

2005). As the Supreme Court has more recently explained,

> "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S. at 689-90. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Id.* at 690.

*Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 788 (2011) (some internal citations modified or omitted); *see also Pair v. Cummins*, 373 Fed. Appx. 979, 981-82 (11th Cir. Apr. 20, 2010) (per curiam) ("The performance prong['s] . . . standard is that of a reasonable attorney, not a 'paragon of the bar' or an 'Aristotle' or a 'Clarence Darrow.' " (quoting *Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007); *Yarborough v. Gentry*, 540 U.S. 1, 11 (2003))); *Gonzalez v. United States*, Nos. 09–22386–Cv–JORDAN; 07–20759–Cr–JORDAN, 2010 WL 2367356, at *5 (S.D. Fla. Apr. 21, 2010) ("The court's role in reviewing ineffective assistance of counsel claims is not to 'grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within 'wide range of professionally competent assistance.' " (quoting *Van Poyck v. Florida Dep't of Corr.*, 290 F.3d 1318, 1322 (11th Cir. 2002))), *report and recommendation adopted*, 2010 WL 2366531 (S.D. Fla. June 14, 2010).

The test for deficiency, moreover, "is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more." *Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) (*en banc*). Rather, the inquiry under *Strickland* is limited to "whether some reasonable lawyer could have acted, in the circumstances, as defense counsel acted…" *Conklin v. Schoefield*, 366 F.3d 1191, 1204 (11th Cir. 2004) (quoting *Waters*, 46 F.3d at 1518); *see also Moreno v. United States*, Criminal No. 1:06–CR–461–CC–GGB; Civil Action No. 1:10–CV–0164–CC–GGB, 2012 WL 7829200, at *4 (N.D. Ga. Mar. 13, 2012) ("The test [for deficiency] has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer…could have acted, in the circumstances, as defense counsel acted…" (quoting *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992))), *report and recommendation adopted*, 2013 WL 1339718 (N.D. Ga. Apr. 1, 2013); *id.* ("[P]etitioner must demonstrate that 'no competent counsel would have taken the action that his counsel did take.'" (quoting *United States v. Freixas*, 332 F.3d 1314, 1319-20 (11th Cir. 2003))).

And, in order to avoid "the distorting effects of hindsight,"[1] a habeas court must "evaluate the reasonableness from counsel's perspective at the time of the alleged error in light of all circumstances of the case." *Griffin v. United States*, 204

---

[1] "*Strickland* anticipated the temptation 'to second-guess counsel's assistance after conviction or adverse sentence' and cautioned that '[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Rompilla v. Beard*, 545 U.S. 374, 408 (2005) (Kennedy, J., dissenting) (quoting 466 U.S. at 689)).

5

Fed Appx. 792, 794-95 (11th Cir. Oct. 25, 2006) (per curiam) (citing *Strickland*, 466 U.S. at 690). Likewise, "[t]actical decisions regarding trial strategy are left to the sound judgment of counsel and are entitled to a 'strong presumption' of competence." *Kearney v. United States*, Nos. 2:04–CR–15–1–BO; 2:09–CV–55–BO, 2010 WL 2402887, at *2 (E.D.N.C. June 14, 2010) (quoting *Strickland*, 466 U.S. at 689, and citing *Bell v. Cone*, 535 U.S. 685, 698 (2002)). For a petition challenging chosen trial strategies to be successful, therefore, it must not be "devoid of the factual basis that is required to show that counsel's tactics were manifestly unreasonable." *Id.*

In addition, to succeed on an ineffective assistance claim, Petitioner "must affirmatively prove prejudice[.]" *Butcher v. United States*, 368 F.3d 1290, 1294 (11th Cir. 2004). "[T]hat the errors had some conceivable effect on the outcome of the proceeding" is not sufficient proof of prejudice. *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (alteration in original) (quoting *Strickland*, 466 U.S. at 693); *see also Evans v. Secretary, Fla. Dep't of Corr.*, 699 F.3d 1249, 1270 (11th Cir. 2012) (under *Strickland*, "a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors," and that "[t]he likelihood of a different result must be substantial, not just conceivable" (citations omitted)).

Finally, when applying the *Strickland* standard, it is clear that courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998) (citation omitted), *cert. denied sub*

6

*nom. Oats v. Moore*, 527 U.S. 1008 (1999); *see also Butcher*, 368 F.3d at 1293 ("[O]nce a court decides that one of the requisite showings has not been made it need not decide whether the other one has been.").

    B.    **IAC Claims**

The undersigned will address Petitioner's two grounds for ineffective assistance of counsel in turn:

> **Ground One: "Counsel had an opportunity to argue that Billy Nelsons testimony was admissible under Rule 807, but did not and prevented from presenting my defense." [*sic*]**

Petitioner claims that his counsel was ineffective because he did not argue that the testimony of defense witness Billy Nelson should have been admissible under FED. R. EVID. 807. As stated above, Petitioner must satisfy both elements of the *Strickland* standard in order to be successful on this claim. As to the "objective standard of reasonableness prong," the court must make a strong presumption in favor of Mr. Hanley's reasonableness, in light of his considerable experience in trial and his status as a member of the Criminal Justice Act Panel of Attorneys. *See Callahan v. Campbell*, 427 F.3d 897, 933 (11th Cir. 2005) ("presumption of reasonableness is even stronger when we are reviewing the performance of an experienced trial counsel.")

The choice not to pursue admissibility under FED. R. EVID. 807 does not appear to be unreasonable, but rather falls within the "wide range of professionally competent assistance." *Van Poyck v. Florida Dep't of Corr.*, 290 F.3d 1318, 1322 (11th Cir. 2002). FED. R. EVID. 807 is a residual exception allowing in hearsay which is not covered by the typical exceptions in FED. R. EVID. 803 and 804. Several circuit

7

courts have stressed that this exception should only be granted in "extraordinary circumstances" where the court is satisfied of the trustworthiness of the evidence proffered. *United States v. Tome*, 61 F.3d 1446, 1452 (10th Cir. 1995); *Huff v. White Motor Corp.*, 609 F.2d 286, 291 (7th Cir. 1979) (stating that Congress intended the residual exception to be used "very rarely, and only in exceptional circumstances."); *U.S. v. Love*, 592 F.2d 1022, 1026 (8th Cir. 1979); *U.S. v. Bailey*, 581 F.2d 341, 347 (3rd Cir. 1978).2 Given the rarity with which this exception is accepted by the courts, a "reasonable lawyer could have acted, in the circumstances, as defense counsel acted…" *Conklin v. Schoefield*, 366 F.3d 1191, 1204 (11th Cir. 2004) (quoting *Waters*, 46 F.3d at 1518).

Additionally, Petitioner has not shown why this supposed lapse by his attorney affected the ultimate outcome of his trial, in accordance with the "prejudice" prong of the *Strickland* standard. During Petitioner's direct appeal, the Eleventh Circuit addressed the issue of witness Billy Nelson by saying that "regardless of the excluded testimony, Seabury was able, through the rest of his testimony, to present a valid defense. As a result, we conclude that his right to a fair trial was not violated, nor was he prevented from presenting his defense." Doc. 159 at 5. While it is conceivable that the exclusion of this testimony had some effect on the trial, this is not enough to show prejudice. *See Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000). Petitioner has not met the burden of showing a

---

[2] Prior to the 1997 Amendments of the Federal Rules of Evidence, the "residual exception" for hearsay was contained in FED. R. EVID. 803(24) and 804(b)(5). The cases cited here refer to the residual exception in that form. However, "no change in meaning [was] intended" by the transfer of these sections to the new FED. R. EVID. 807. *See* FED. R. EVID. 807 advisory committee's note (1997 Amendments).

8

substantial likelihood of a different result absent the errors alleged. *See Evans v. Secretary, Fla. Dep't of Corr.*, 699 F.3d 1249, 1270 (11th Cir. 2012). Accordingly, he fails on both prongs necessary to show ineffective assistance of counsel.

> **Ground Two: "He appealed thing that had done been appealed and denied by the court. Where the court took my original defense I had done lost that appeal." [*sic*]**

Respondent argues correctly that Petitioner's "vague, unsupported, and unclear claim demonstrates neither deficient performance by his counsel nor any resulting prejudice." Doc. 175 at 4. It is unclear, especially in the second sentence, what Petitioner is attempting to tell the court through this ambiguous declaration. A successful § 2255 petitioner must allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Aron v. United States*, 291 F.3d 708, 715 n.6 (11th Cir. 2002); *see also Chavez v. Secretary, Fla. Dept. of Corrections*, 647 F.3d 1057, 1061 ("The allegations [made in § 2255 petition] must be factual and specific, not conclusory."). Thus, no basis for relief can be found in this claim. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992).

### C. Evidentiary Hearing

This court " 'shall' hold an evidentiary hearing on a habeas petition '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Scott v. United States*, 325 Fed. Appx. 822, 824 (11th Cir. Apr. 29, 2009) (per curiam) (quoting 28 U.S.C. § 2255(b)).

> "[I]f the petitioner 'alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim.'" *Aron* [*v. United States*], 291 F.3d [708,] 714-15 (quoting *Holmes v. United States*, 876 F.2d 1545, 1552 (11th Cir. 1989)). Yet the "district court is not required to hold an

9

> evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Id.* at 715. Thus, the petitioner needs to allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief. If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous," the requirement of an evidentiary hearing is triggered and the petitioner must offer proof at that hearing. *Id.* at 715 n.6.

*Id.*; *accord Lopez v. United States*, 522 Fed. Appx. 684 (11th Cir. June 26, 2013) (per curiam) (in which the Eleventh Circuit vacated an order denying habeas relief—on the ground that counsel violated a defendant's constitutional right to testify—and remanded the case for an evidentiary hearing); *see also Williams v. United States*, Civil No. 08-00513-CG-N; Crim. No. 04-00197-CG, 2010 WL 1382762, at *5 (S.D. Ala. Mar. 3, 2010) (setting forth two additional grounds for not conducting an evidentiary hearing: (1) where the petitioner's version of the facts has already been accepted as true (citing *Turner v. Crosby*, 339 F.3d 1247, 1274-75 (11th Cir. 2003)); and (2) where the "the district court can determine the merits of the ineffectiveness claim based on the existing record" (quoting *Schultz v. Wainwright*, 701 F.2d 900, 901 (11th Cir. 1983))), *report and recommendation adopted*, 2010 WL 1382761 (S.D. Ala. Apr. 1, 2010).

On the existing record, Petitioner has not presented non-conclusory facts that, if true, would entitle him to relief. Accordingly, the undersigned finds there is no need for an evidentiary hearing.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied.

18 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

Where a habeas petition is being denied entirely on the merits of an underlying constitutional claim, as is the case for Petitioner's ineffective assistance of counsel claims, a COA should issue only when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also id.* at 483-84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983), includes a showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (quotation modified). Since no such demonstration has been made, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## IV. Conclusion

Petitioner has raised two claims of ineffective assistance of counsel. However, neither claim is sufficient to show a violation of his Sixth Amendment right to counsel. Therefore, it is **RECOMMENDED** that the Petitioner's Motion be **DENIED**. It is **FURTHER RECOMMENDED** that the court find that the petitioner is not entitled to a certificate of appealability and, therefore, is not entitled to appeal *in forma pauperis*.

## V. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 16th day of October 2014.

                                              */s/ Katherine P. Nelson*
                                              **KATHERINE P. NELSON**
                                              **UNITED STATES MAGISTRATE JUDGE**