IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 10-0273-WS |
| | ) |
| **TIMOTHY WAYNE SEABURY,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on a *pro se* filing from defendant, Timothy Wayne Seabury, that the Court construes as a Motion for Sentence Modification Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 195). Seabury states that his intent in the Motion is "to apply for the 2 point drug reduction that I've never applied for." The Government has filed a Response (doc. 198) in opposition to the Motion.

**I.    Background.**

In November 2011, following a jury trial in which Seabury was found guilty of multiple controlled substance offenses, this Court sentenced him to a mandatory term of life imprisonment. (*See* doc. 143.) Based on the jury's unanimous findings as to the quantities of crack cocaine and methamphetamine involved in those offenses, Seabury was held accountable for a total marijuana equivalent of 2,582 kilograms for purposes of sentencing guideline computations. Under the drug quantity table in effect at U.S.S.G. § 2D1.1(c) at that time, the base offense level associated with that drug quantity was level 32. After adding a two-level enhancement for obstruction of justice, Seabury's total offense level was 34. Given his criminal history category of V, Seabury's calculated guideline range at the time of sentencing was 235 to 292 months. However, under the version of 21 U.S.C. § 841(b)(1)(A) then in effect, Seabury was subject to an enhanced penalty in the form of a mandatory life sentence because he engaged in the offense conduct after having two or more prior final convictions for a felony drug offense. That provision informed and dictated the Court's sentencing decision. Accordingly, Seabury was sentenced to a term of life imprisonment.

On January 19, 2017, then-President Barack Obama entered an Executive Grant of Clemency (doc. 190) that had the effect of commuting Seabury's total sentence of imprisonment to a term of 235 months. That executive action abridged enforcement of the mandatory life sentence required by § 841(b)(1)(A). The clemency directive set forth no reasons, explanations or justifications. It did not specify how the commuted prison term of 235 months was selected; however, this figure coincides with the low end of Seabury's calculated guideline range at the time of sentencing, without regard to the mandatory life sentence that was otherwise required by statute.

Now, Seabury requests relief from the reduced 235-month term of imprisonment he is serving in accordance with the Executive Grant of Clemency. In particular, he cites the "2 point drug reduction" as a basis for sentencing modification at this time.

**II.    Analysis.**

Effective November 1, 2014, the U.S. Sentencing Commission enacted Amendment 782, which amended the drug quantity table at U.S.S.G. § 2D1.1(c) in such a manner that drug offenses involving at least 1,000 kg but less than 3,000 kg of marijuana (or marijuana equivalents) are now assigned a base offense level of 30, not 32. Moreover, the Sentencing Commission correspondingly amended its Policy Statement at U.S.S.G. § 1B1.10 to add Amendment 782 to the list of amendments that may be applied retroactively and for which courts may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). With the retroactive application of Amendment 782, Seabury's calculated base offense level would be 30, his total offense level would be 32, and his calculated guideline range (after taking into account his criminal history category of V) would be 188 to 235 months. Given that Seabury's post-commutation sentence of 235 months appears pegged to the low end of the 235-292 month calculated guideline range at sentencing,[1] his Motion effectively requests a sentence reduction to

---

[1]   The Government argues that it is "speculative" to suggest that President Obama arrived at the 235-month figure by reference to the low end of the calculated guideline range, and goes to great lengths to contrive an alternative pathway through which that 235-month term might have been reached. The Court remains convinced that by far the most likely, plausible, and reasonable explanation for the 235-month term identified in the Executive Grant of Clemency is that it represents the low end of Seabury's calculated guideline range, without regard to the statutory mandatory minimum sentence of life that President Obama was commuting pursuant to his broad and plenary authority under Article II of the Constitution.

188 months, which would be the low end of the 188-235 month revised calculated guideline range after retroactive application of Amendment 782.

Here is the rub: The Supreme Court has long explained that "[t]o cut short a sentence by an act of clemency is an exercise of executive power which abridges the enforcement of the judgment, but does not alter it qua judgment." *United States v. Benz*, 228 U.S. 304, 311, 51 S.Ct. 113, 75 L.Ed. 354 (1931); *see also United States v. Harris*, 2019 WL 279993, *1 (N.D. Okla. Jan. 22, 2019) ("[A] presidential commutation is not based on a recalculation of the guideline sentencing range nor does it overturn the sentence imposed by the sentencing court. It simply mitigates or sets aside the original punishment."). Simply put, President Obama did not sentence or resentence Seabury. This Court did. Why is that important? To be statutorily eligible for sentence modification pursuant to a retroactive guideline amendment such as Amendment 782, a defendant must have "been sentenced … based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, by straightforward reading of the statutory text, "[i]f a defendant was not originally sentenced 'based on a sentencing range,' he is not eligible for a sentence modification under Section 3582(c)(2)." *United States v. Buenrostro*, 895 F.3d 1160, 1164 (9th Cir. 2018) (citation omitted).

A defendant is not sentenced "based on a sentencing range" when "the District Court did not consider those ranges in imposing its ultimate sentences," but instead "scrapped the ranges in favor of the mandatory minimums." *Koons v. United States*, --- U.S. ----, 138 S.Ct. 1783, 1788, 201 L.Ed.2d 93 (2018); *see also Buenrostro*, 895 F.3d at 1164-65 ("Buenrostro was originally sentenced 'based on' a statutory mandatory minimum. His original resentence was not based on a sentencing range …. Buenrostro is therefore ineligible for a sentence modification …."). Indeed, the Eleventh Circuit has explained that "[t]he law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum." *United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010); *see also United States v. Randell*, 724 Fed.Appx. 848, 851 (11th Cir. Feb. 21, 2018) ("Amendments 706, 750, and 782 did not affect Randell's Guidelines range because he originally was sentenced to a statutory mandatory minimum life sentence"). Nothing about a presidential commutation alters this analysis or conclusion. A commutation simply does not amount to a resentencing "based on a sentencing range" that might give rise to § 3582(c)(2)

eligibility.  *See Buenrostro*, 895 F.3d at 1164-65 (where defendant was sentenced to life imprisonment pursuant to statutory mandatory minimum, and President Obama subsequently commuted sentence to 360 months, defendant's "original sentence was not based on a sentencing range, nor indeed was President Obama's commutation based on a recalculation of that range," such that he was ineligible for § 3582(c)(2) sentence modification); *Randell*, 724 Fed.Appx. at 852 (defendant ineligible for sentence reduction pursuant to § 3582(c)(2) and Amendment 782 because he originally was sentenced to statutory mandatory minimum life sentence and his "presidential-commuted sentence did not affect his Guidelines range"); *Harris*, 2019 WL 279993, at *2 (where defendant's mandatory life sentence was commuted to 360 months, and defendant then sought § 3582(c)(2) sentence modification, "the defendant is not entitled to a reduction because his sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, … but rather was based on the statutory mandatory minimum under 21 U.S.C. §§ 841(b)(1)(A) and 851").

This reasoning is directly applicable to Seabury.  This Court imposed a mandatory life sentence on Seabury, pursuant to 21 U.S.C. § 841(b)(1)(A).  That sentence was "based on" a mandatory minimum and was not "based on a sentencing range."  As such, Seabury is ineligible for sentence modification under § 3582(c)(2).  The fact that President Obama later commuted Seabury's sentence does not alter the ineligibility conclusion.  This presidential commutation was not a resentencing, a recalculation of the guidelines range, or an overturning of the original sentence.  In short, the Court finds that the defendant is not eligible for sentencing relief because his sentence is not based on a range that has subsequently been lowered by the Sentencing Commission, as required by 18 U.S.C. § 3582(c)(2), but rather is based on the statutory mandatory minimum then applicable under 21 U.S.C. §§ 841(b)(1)(A).

### III. Conclusion.

For all of the foregoing reasons, Seabury's Motion for Sentence Modification Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 195) is **DENIED**.

DONE and ORDERED this 27th day of April, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE