IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY WAYNE SEABURY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 10-0273-WS |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter comes before the Court on petitioner Timothy Wayne Seabury's *pro se* filing that the Court liberally construes as a Motion for Compassionate Release (doc. 200).

Seabury is presently serving a 235-month term of imprisonment predicated on his conviction in this District Court of multiple controlled substance offenses. Bureau of Prisons records reflect that Seabury is housed at FCI Yazoo City Low, with an expected release date of February 23, 2026. At present, BOP data reflects that there are zero active cases of COVID-19 in the inmate population at that facility. Nonetheless, Seabury's Motion requests that he be given compassionate release because of generalized concerns that "prisons and jails are bracing for outbreaks of Covid 19 as the weather turns colder," and his contention that unspecified "facilities" provide insufficient protections for inmates to prevent the spread of the virus.

Seabury is one of numerous defendants who has petitioned this Court for compassionate release or modification of sentence based on the effects of the COVID-19 pandemic. His Motion appears to have been filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by § 603 of the First Step Act enacted in December 2018. That section allows a defendant such as Seabury to petition the Court directly for reduction of a term of imprisonment, without a motion by the Director of the Bureau of Prisons, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." § 3582(c)(1)(A). In other words, Seabury must present his request for compassionate release to prison officials before petitioning this Court for relief. He makes a

-2-

conclusory statement that his "mandatory exhaustion with the B.O.P. was up 9-7-2020," but does not otherwise make any showing that he has met this statutory prerequisite.  Stated differently, Seabury has not demonstrated that he made a request to the warden of FCI Yazoo City Low, much less when the request was made or what (if any) response he was given.  Moreover, compassionate release is available only for inmates who demonstrate that "extraordinary and compelling reasons warrant such a reduction."  § 3582(c)(1)(A)(i).  Nothing in Seabury's submission identifies anything approaching extraordinary and compelling circumstances that might warrant the relief he seeks.  A mere generalized fear of COVID-19 exposure in a facility with no active cases falls well short of the sort of "extraordinary and compelling reasons" that must be shown to justify the relief requested.

For these reasons, Seabury's Motion is **denied** as both procedurally and substantively deficient, without prejudice to his ability to renew his motion upon a proper showing that (i) he has complied with the procedural requirements of § 3582(c)(1)(A); and (ii) extraordinary and compelling reasons favor granting him early release from prison.

DONE and ORDERED this 16th day of November, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE